UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


GAIL NOLAN and WILLIAM BUSH,
individually and on behalf of
all others similarly situated,

    Plaintiffs,

v.                                                   CASE NO. 3:08-cv-642-J-34HTS

INTEGRATED REAL ESTATE
PROCESSING, LP, a foreign
limited partnership,

    Defendant.
_____


**O R D E R**

This cause is before the Court on Plaintiffs' Motion to Compel Responses to Plaintiffs' First Set of Interrogatories (Doc. #31; Motion). The Motion is opposed. *See* Defendant's Memorandum in Opposition to Plaintiffs' Motion to Compel Responses to Plaintiffs' First Set of Interrogatories (Doc. #41; Opposition). Currently at issue are two interrogatories, which will be addressed in turn.

**Interrogatory 3**

This interrogatory seeks "the total number of loan policies issued by [Defendant] in a mortgage refinancing transaction where . . . the Reissue Rate" was charged, "the gross premiums received

. . . for such policies, and . . . the gross amount of premiums retained" in regard to "each calendar year from 2003 through and including 2008[.]" Interrogatories attached to Notice of Service of Plaintiffs' First Set of Interrogatories to Defendant (Interrogatories), attached to the Motion as exhibit A, at (externally numbered) 18; Defendant's Responses to Plaintiffs' First Set of Interrogatories to Defendant (Response), attached to the Motion as exhibit B, at (externally numbered) 29; Motion at 4. Plaintiffs contend "[t]he information sought by this interrogatory, in conjunction with the number of policies issued at the Original Rate," is necessary for "class certification[.]" Motion at 5. They claim "it will show that Plaintiffs' and the Class' claims come from a common background, present common and typical questions of fact and law, and that these questions predominate over individual issues, if any." *Id*. at 6.

Defendant, Integrated Real Estate Processing, LP (Integrated), "objects to this interrogatory because it seeks the disclosure of information that is not relevant to any claim or defense in this case, nor reasonably calculated to lead to the discovery of admissible evidence." Opposition at 4. While Integrated never specifically addresses the purported irrelevancy of the gross premiums received and retained, it is explained that the interrogatory involves "transactions where persons were not over-

charged for title insurance under Plaintiffs' theory." *Id*. "Allowing Plaintiffs to delve into irrelevant transactions where persons indisputably were charged the appropriate rate for a lender's policy . . . to come up with a percentage of the number of people that were allegedly overcharged . . . simply results in a meaningless percentage." *Id*. at 6. Any answers provided would be irrelevant to the issues of numerosity, commonality, typicality, and predominance. *See id*. at 5-6.

Except where discovery is irrelevant on its face, *see, e.g., McCloud v. Bd. of Geary County Comm'rs*, No. 06-1002-MLB-DWB, 2008 WL 1743444, at *2 (D. Kan. Apr. 11, 2008) (describing facial relevance as a "low burden"), it is "[t]he party opposing a motion to compel [who] has the burden to show that the discovery is improper, unreasonable, or burdensome." *Belaire at Boca, LLC v. Ass'ns Ins. Agency, Inc.*, No. 06-80887-CIV, 2007 WL 2177212, at *1 (S.D. Fla. July 26, 2007); *see also Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000) ("The party resisting production of information bears the burden of establishing lack of relevancy or undue burden in supplying the requested information."); *McCloud*, 2008 WL 1743444, at *2. "When opposing the motion, a party must show specifically how the requested discovery is burdensome, overbroad, or oppressive[.]" *Belaire at Boca, LLC*, 2007 WL 2177212, at *1.

Integrated has failed to demonstrate the impropriety of the requested discovery. Pursuant to Rule 23(a), Federal Rules of Civil Procedure (Rule(s)), "[p]arties seeking class action certification must [first establish] numerosity, commonality, typicality and adequacy of representation." *Drossin v. Nat'l Action Fin. Servs., Inc.*, --- F.R.D. ----, No. 07-61873-CIV-DIMITROULEAS, 2009 WL 289826, at *5 (S.D. Fla. Feb. 2, 2009). Generally, "discovery regarding information necessary to address class certification requirements . . . falls within the realm of permissible discovery[.]" *Drossin v. Nat'l Action Fin. Servs., Inc.*, No. 07-61873-CIV, 2008 WL 5381815, at *3 (S.D. Fla. Dec. 19, 2008). Under Rule 23, "[t]he commonality element is generally satisfied when a plaintiff alleges that [d]efendants have engaged in a standardized course of conduct that affects all class members." *Drossin*, --- F.R.D. ----, 2009 WL 289826, at *7 (internal quotation marks omitted; alteration in *Drossin*). Thus, to the extent the information sought by Plaintiffs will assist in establishing whether Integrated's actions were part of a "standardized course of conduct[,]" *id.*, the discovery may be permitted.

Defendant has already provided the number of loan policies where it charged the original rate in a mortgage refinancing transaction, Response at (externally numbered) 28, which is

suggested to represent the number of persons overcharged.  *See* Motion at 7.  According to Plaintiffs, the "number of loan policies issued by [Integrated] in a mortgage refinancing transaction where . . . the Reissue Rate" was charged, *id*. at 4, is needed to show "the *frequency* with which Defendant overcharged the Class for title insurance premiums and, thereby, establish that Defendant engaged in a common, typical and predominate practice." *Id*. at 5 (emphasis added).  Given that the frequency with which the purported class members were overcharged may help determine whether there was a general or accepted practice of charging the allegedly improper rate, it is difficult to understand how the number of reissue rate transactions would not be at least potentially relevant to a class certification determination.[1]

Plaintiffs have already acknowledged that "this interrogatory seeks information only for Defendant's transactions in Florida." *Id*. at 5 n.2.  As such, to the extent the information relates to transactions occurring in Florida, Defendant will be compelled to answer Interrogatory 3 in full.

---

[1] As Integrated fails to otherwise address the irrelevancy of the gross premiums received and retained, the Court is unsure whether Defendant continues to hold to its objection.  However, to the extent it does, the information does not appear to be facially irrelevant, as the existence or nonexistence of such premiums could similarly assist in establishing whether a general practice of overcharging existed.

**Interrogatory 9**

This question asks whether Integrated has "ever been the subject of a government inquiry or investigation of any kind that refers or relates to reissue rates in title insurance and, if so," seeks accompanying information such as the name of the inquiring or investigating agency, the dates on which the investigations or inquiries occurred, their case or matter numbers, and the ultimate outcome. Interrogatories at (externally numbered) 22; Response at (externally numbered) 32; Motion at 8.

While Defendant objected to the interrogatory on general relevance grounds, *see* Response at (externally numbered) 32, it does not appear at this point that Integrated seriously contests the relevance of the sought after information. *See* Opposition at 7 (stating it "understands why Plaintiffs may want such information"). According to Defendant, "[t]he portion of [its] objections . . . that remains to be resolved after the parties' pre-motion conferences, as well as [its] consideration of the arguments advanced in Plaintiffs' motion, is" the contention that the information requested is not discoverable as "it encompasses information relating to investigations by the Florida Department of Financial Services, which are strictly confidential." *Id.* (internal quotation marks omitted).

The sole authority relied on for this proposition is Section 626.601(6), Florida Statutes. Pursuant to Section 626.601(6)

> [t]he complaint and any information obtained pursuant to the investigation by the department or office are confidential and are exempt from the provisions of s. 119.07, unless the department or office files a formal administrative complaint, emergency order, or consent order against the licensee. Nothing in this subsection shall be construed to prevent the department or office from disclosing the complaint or such information as it deems necessary to conduct the investigation, to update the complainant as to the status and outcome of the complaint, or to share such information with any law enforcement agency.

Whether or not the statute, as Plaintiffs claim, "merely exempts disclosure by the State . . . of documents obtained in the course [of] its investigations[,]" Motion at 9 (emphasis omitted), Defendant has failed to establish that Section 626.601(6) protects the pertinent information from disclosure. *Cf. Floeter v. City of Orlando*, No. 6:05-cv-400-Orl-22KRS, 2006 WL 1000306, at *2 (M.D. Fla. Apr. 14. 2006) ("[T]he burden of establishing the existence of confidential and privileged information lies with the party asserting the objection[.]").

Section 626.601(6) specifically makes "[t]he complaint and any information obtained pursuant to the investigation by the department or office" confidential. Plaintiffs only ask whether an investigation occurred and, if so, the date thereof, case number, and outcome. *See* Motion at 8. The plain language of the

statute does not go so far as to protect Defendant from disclosing such matters in discovery.

Therefore, insofar as the parties have agreed that the discovery is limited to activities relating to Florida, *Id*. at 10 n.5, Integrated will be compelled to provide a complete answer to the interrogatory.

Accordingly, the Motion (Doc. #31) is **GRANTED** to the extent Defendant shall, within ten (10) days, provide answers responsive to Interrogatories 3 and 9.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of March, 2009.

/s/     Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record and
    pro se parties, if any